NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0560n.06

No. 08-1277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 11, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESUS GARCIA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: BATCHELDER, Chief Judge; ROGERS and SUTTON, Circuit Judges.

ROGERS, Circuit Judge. Jesus Garcia appeals from his sentence for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Garcia argues that his sentence was procedurally unreasonable because the district court improperly considered the possibility that the Government might later file a motion pursuant to Federal Rule of Criminal Procedure 35 to reduce Garcia's sentence based on his substantial assistance in an ongoing investigation. Because the sentencing transcript does not suggest that the district court would have sentenced Garcia any differently absent the possibility of a future Rule 35 motion, affirmance is required.

Jesus Garcia was part of a drug trafficking operation that involved moving cocaine from Texas to Michigan. Garcia and his wife, Lydia Rodriguez, were stopped by Arkansas state police

on November 5, 2006.  After cocaine was found in their vehicle, the two confessed to involvement in the operation and offered to cooperate with authorities.

Garcia did provide assistance to the Government, implicating other defendants and revealing information about the operation's reach.  However, during the period between Garcia's initial arrest and his indictment, he returned to selling cocaine and was violent toward Rodriguez.  Because of these activities, the Government chose to detain Garcia in March of 2007, which had the effect of limiting his ability to provide further assistance.  However, Garcia was able to continue providing information about the activities of his wife, who was still under investigation at the time of Garcia's sentencing.  Garcia entered a Rule 11 plea agreement with the Government in which he acknowledged that his guidelines range was 262 to 327 months' imprisonment.  At sentencing, the Government requested a downward departure based on what assistance Garcia had provided, but also informed the court of Garcia's resumption of drug activity following his Arkansas arrest.  The Government made a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) requesting that Garcia receive a sentence of 210 months, a twenty-percent reduction from the bottom of Garcia's guidelines range.[1]

After hearing comments from Garcia and the prosecutor about information Garcia had provided for the ongoing investigation of Rodriguez, the court expressed its intention to grant the Government's § 5K1.1 motion.  The court then asked the Government if there was a possibility of

---

[1]Garcia identifies this only as a § 5K1.1 motion, but it was also brought under 18 U.S.C. § 3553(e), because the Government was requesting a sentence below the mandatory minimum of 20 years.

a Rule 35 motion for a later departure based on substantial assistance in the Rodriguez investigation. The prosecutor responded that a Rule 35 motion was possible, but stated that the possibility had not been addressed beyond the prosecutor's own office.

Following allocution, the district court gave a detailed explanation of its reasons for imposing a 210-month sentence. The court discussed the need for general and specific deterrence, Garcia's criminal history, the Government's recommended departure, Congress's position on the offense of conviction, the danger Garcia posed to the community, and Garcia's continued criminal activity following his Arkansas arrest. The court again addressed Rule 35 by saying:

> I don't see anything in your record that would make me think that [the AUSA] is wrong in terms of his recommendation. And I say that knowing that he may be back here on a Rule 35 asking me to lower it.
>
> So far I've been here almost 10 years, and I don't think I've seen more than one or two Rule 35s. So, this might be one of those rare occasions. But if you were to be back here, I would consider your prison conduct as well as your cooperation in determining what the sentence should be after a Rule 35 if it were to happen.
>
> Before it happens – again, I don't see anything unreasonable.

Sent. Tr. at 34.

Garcia's argument that the district court impermissibly factored the possibility of a Rule 35 motion into the sentence is without merit, because there is nothing to suggest, as there was in *United States v. Recla*, 560 F.3d 539, 545-46 (6th Cir. 2009), that the court imposed a higher sentence than it otherwise would have because of the likelihood of a future Rule 35 motion. This court "will vacate a defendant's sentence and remand for re-sentencing where the district court looked to a potential Rule 35 motion in ruling on a § 5K1.1 motion." *United States v. Ridge*, 329 F.3d 535, 541

(6th Cir. 2003) (internal quotation marks omitted). In this case, however, the judge ruled on the §

5K1.1 motion before even asking about the possibility of a later Rule 35 motion, stating: "I'm going

to grant the 5K1. You've made a case for it and there's no objection. Is it then possible that there

be a Rule 35 if that investigation pans out?" Sent. Tr. at 24. Further, the judge granted the § 5K1.1

motion to the full extent requested by the Government, supporting the conclusion that the sentence

was not chosen contingent on some future reduction. *See United States v. Carlton*, 356 F. App'x

864, 870 (6th Cir. 2009). Given the district court's lengthy explanation of why a 210-month

sentence was appropriate, there is nothing in the record to suggest that the court may have departed

further were it not for the possibility of a Rule 35 motion. Because the record compels the

conclusion that the sentence would have been the same even if the possibility of a Rule 35 motion

had never been mentioned, Garcia's claim of error fails. *See United States v. Rosenbaum*, 585 F.3d

259, 266 (6th Cir. 2009).

Contrary to Garcia's assertion, the transcript actually suggests that the district court doubted

that a Rule 35 motion would ever be brought, not that the court imposed a heavier sentence in the

belief that one was likely to be made. The prosecutor indicated that the possibility of a Rule 35

motion had not actually been discussed with the defendant or defense counsel, and the judge

emphasized to Garcia that he had only seen one or two such motions in his time on the bench. The

skepticism as to the likelihood of Garcia's benefitting from a Rule 35 motion further undermines

Garcia's claim that the possibility factored into the court's § 5K1.1 ruling.

For these reasons we affirm.